MULLEN *v.* STATE.

(In Banc. Dec. 8, 1947.)

[32 So. (2d) 874. No. 36547.]

**Marshall Perry**, of Grenada, for appellant.

Greek L. Rice, Attorney General, by R. O. Arrington, Assistant Attorney General, for appellee.

McGhee, J., delivered the opinion of the court

In this case the appellant, Henry Mullen, was jointly indicted with Eugene Johnson and Hillard Freeman for the crime of burglary. The latter two entered pleas of guilty, and were used by the State as witnesses against the appellant when he was tried and found guilty as charged.

The proof disclosed that the co-defendants Johnson and Freeman had agreed, in the absence of the appellant, to steal some goods from the warehouse at which Freeman was a trusted employee and to which warehouse he kept and carried a key. On the night following such agreement, they arranged with the appellant, a taxicab driver, to take them to the warehouse where they were to pick up the goods for delivery to a third person. They admitted

that they said nothing to the appellant as to their purpose to burglarize the building and to steal goods therefrom prior to the entry to the building which was unlocked by Freeman with the key which he usually carried as an employee of the warehouse company. In fact, the co-defendant Johnson testified that the appellant was never advised that the building was being entered, and the goods taken, without the authority of the owner, but the co-defendant Freeman testified that the appellant was advised of their intention to steal the goods after they had actually entered the building and were ready to remove the goods to the taxicab.

Both Johnson and the appellant testified that the latter did not enter the building at all, but waited on the driveway at the warehouse with his cab, and with his parking lights burning, until the goods were loaded into the cab.

All of the witnesses agreed that there was no understanding among them that the appellant was to share in a division of the goods or of the proceeds derived from a sale thereof. And, with one accord they testified that the appellant did not in fact receive any part of the proceeds of the sale of the goods which was paid by the person to whom they were delivered, but that he only received his taxicab fare as his sole compensation for carrying this trusted employee Freeman to the warehouse and transporting the goods to their intended destination.

It is undisputed that the appellant was assured upon their arrival at the warehouse that Johnson and Freeman did not intend "to get him into anything," and it would seem that the appellant was entitled to assume that this trusted employee, Freeman, was there on a legitimate mission. And, even though it be true that he was advised by Freeman after their entry into the building that they were stealing the goods, which fact was denied by both Johnson and appellant, he had taken no part in the burglary of the building. That is to say, the entry into the warehouse was complete before the appellant had any

knowledge that the entry was wrongful and for an unlawful purpose.

Section 1995, Code 1942, authorizes the indictment and punishment of an accessory before the fact to a felony, as a principal in the commission of the crime. But, it will be seen from the facts hereinbefore stated that the State's proof affirmatively showed that the appellant was not an accessory before the fact to the crime of burglary, or a principal in the commission of such crime, even if it could be said that he participated in the larceny after being advised that a burglary had been committed. He was not indicted for larceny, or as an accessory after the fact to any crime.

We are of the opinion that the motion for a directed verdict in favor of the accused should have been granted, since a conviction of the crime of burglary is not sustained by the evidence in this case.

Reversed and judgment here for the appellant.