234 So.2d 50 (1970)
James HUX
v.
STATE of Mississippi.
No. 45800.
Supreme Court of Mississippi.
April 6, 1970.
Jones & Patterson, Brookhaven, for appellant.
A.F. Summer, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., and Timmie Hancock, Sp. Asst. Atty. Gen., Jackson, for appellee.
GILLESPIE, Presiding Justice.
James Hux was convicted in the Circuit Court of Lincoln County of setting fire to the field and woods of one McNulty in violation of Mississippi Code 1942 Annotated, Section 2157 (1956).
The principal issue presented by the appeal concerns whether there was sufficient evidence to justify the conviction of Hux. Except for a threat by Hux to one of the state's witnesses, the evidence is as follows: Homer Clark and his wife were returning from Brookhaven when they turned onto a blacktop road running adjacent to land owned by McNulty. An automobile was stopped in the road and Hux, the owner, was sitting in the driver's seat next to a female companion. Two beer cans were seen by the Clarks on the front fenders of the car. Two other young men were in the field setting out fire with broom sage. Upon driving to the side of the parked automobile, Clark said: "You boys put out that fire." Hux said, "He meant that." One of the boys in the field said, "Hell, man, let's go," whereupon they returned to the parked car, gathered the cans of beer and entered the parked vehicle. Hux then drove off slowly, making no effort to run away. Hux never got *51 out of the car and the only words spoken by him were, "He meant that," when Clark told the young men to put out the fire. This was the version related by Mr. and Mrs. Clark.
Defendant had been with the other two young men and the girl for some time prior to driving the car to the place where the two young men were seen by Mr. and Mrs. Clark. Other than as stated there is no evidence that defendant participated in the crime. He was tried as a principal on the theory that he was an accessory before the fact as provided by Mississippi Code 1942 Annotated, Section 1995 (1956).
In our opinion, the state's case was sufficient to survive defendant's request for a peremptory instruction, but, as stated in Quarles v. State, Miss., 199 So.2d 58 (1967) and Mister v. State, Miss., 190 So.2d 869 (1966), the defendant's guilt is in such a state of serious doubt that this Court believes that another jury should be permitted to pass upon the matter.
Reversed and remanded.
RODGERS, JONES, BRADY and SMITH, JJ., concur.