UNITED STATES of America, Appellee,

v.

Gary G. PARHAM, Appellant.

No. 71-1570.

United States Court of Appeals, Eighth Circuit.

Submitted March 16, 1972.

Decided April 11, 1972.

Rehearing Denied May 3, 1972.

Richard DeLong, Minneapolis, Minn., for appellant.

Earl P. Gray, Asst. U. S. Atty., Robert G. Renner, U. S. Atty., Joseph M. Livermore Asst. U. S. Atty., D. Minn., Minneapolis, Minn., for appellee.

Before GIBSON, HEANEY and ROSS, Circuit Judges.

PER CURIAM.

This is a direct appeal from a conviction for a violation of 26 U.S.C. §§ 5861(d) and 5871, possession of an unregistered sawed-off shotgun. The sole question on appeal is the validity of the search and seizure which discovered the shotgun in question. The facts of the case are as follows.

On July 18, 1971, at 2:00 in the morning two police officers were parked in a shopping center in Steele County, Minnesota. They observed a car driving slowly past with a beer can on its roof. Suspecting a violation of the Minnesota "open bottle law," Minn.Stat. § 169.122 which prohibits the keeping of an open container of beer in a motor vehicle, they stopped the car. As they did so, both officers observed the defendant shove something under a pile of clothes in the rear seat of the car. Thinking the item hidden was an open can of beer, one officer reached into the back seat under the clothes and retrieved the item. It turned out to be a sawed-off shotgun, and this prosecution and conviction followed.

The defendant contends that the officers did not have probable cause to stop and search the car, because the beer can was unopened and on top of the car, rather than open and inside the car. The Government contends that there was probable cause for the search, and in addition relies on the consent of the defendant. Since we think the proper decision in the case turns on probable cause, we do not reach the question of consent.

A car driving slowly down the street at 2:00 in the morning with a beer can on its roof is certainly an unusual occurrence. When the officers witnessed this, they had two options—to let the car continue on its way, or to stop it for the purpose of questioning the occupants with respect to a possible violation of the open bottle law. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In choosing the latter course, the police were justified under the standards of *Terry,* United States v. Nicholas, 448 F.2d 622, 624 (8th Cir. 1971), and United States v. Harflinger, 436 F.2d 928, 932 (8th Cir. 1970).

Upon stopping the car, the officers witnessed the defendant hiding something under some clothes in the back seat. This action, combined with the facts stated above, gave them probable cause to believe that the defendant was violating the "open bottle" law and entitled them to conduct a limited search under the clothing. United States v. Jones, 452 F.2d 884 (8th Cir. 1971); Williams v. United States, 404 F.2d 493 (5th Cir. 1968); United States v. Humphrey, 409 F.2d 1055, 1059 (10th Cir. 1969). We specifically note that the search here was strictly limited to the area of the car where the officers believed that the defendant had hidden the open container, and no attempt was made to conduct a general exploratory search of the car, even after the sawed-off shotgun was discovered. Consequently, in view of the limited nature of this search which we believe was conducted with probable cause, it cannot be said that the search was unreasonable under the Fourth Amendment. Of course, the fact that the search turned up the illegal weapon in this case instead of the illegal beverage does not render the search invalid.

The judgment is affirmed.