**James Marvin FIELDS, Appellant,**

v.

**Harold R. SWENSON, Warden, Appellee.**

**No. 72–1166.**

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1972.

Decided May 18, 1972.

James Marvin Fields, pro se.

John C. Danforth, Atty. Gen., and Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., on brief for appellee.

Before MATTHES, Chief Judge, and HEANEY and STEPHENSON, Circuit Judges.

PER CURIAM.

James Marvin Fields was convicted by a jury of burglary in the second degree and stealing. Sentenced to consecutive terms of seven and five years, he is presently confined in the Missouri State Penitentiary. Fields' conviction on appeal was affirmed by the Missouri Supreme Court, State v. Fields, 442 S.W.2d 30 (1969), as was his failure to obtain post-conviction relief. Fields v. State, 468 S.W.2d 31 (1971).

No motion to suppress the evidence in dispute was made in advance of trial nor was the legality of the arrest and search raised at trial. The Missouri Supreme Court refused to consider the issue, holding that the procedural rules of Missouri require that a claim of an

unlawful search and seizure must be made by motion to suppress evidence in advance of trial. Nothing in the record before us, however, suggests a "deliberate bypass" of the duty and privilege to vindicate federal claims in the state court. This Court is therefore not precluded from inquiry into that claim in a federal habeas corpus proceeding. Frazier v. Roberts, 441 F.2d 1224, 1229–1230 (CA8 1971).

About 10 p. m. on the evening of November 16, 1969, Detective Wheeler and Officer Foster of the Springfield, Missouri Police Department, observed a white Rambler station wagon at rest in an unlighted section of a parking lot west of the rear entrance of the Peer Hardware Store. There were no business establishments open in the neighborhood at this time. Wheeler was familiar with the area and had never seen the car there before. He recognized the car's license number as belonging to a David Montgomery, whom he knew as a suspect in some prior burglaries.

Wheeler and Foster parked their car nearby where they could observe the Rambler, but not the rear entrance to the hardware store. At 11:40 p. m., they saw three persons approach the Rambler from the east. Two were "carrying something." One entered the Rambler's back seat while the other two walked back into the parking lot out of sight. One returned and drove the car away. Wheeler and Foster followed the car for several blocks and observed the occupant of the rear seat (Fields) take off a red jacket. They then stopped the car by the use of a spotlight.

The driver, Montgomery, got out of the car to speak to Detective Wheeler. Officer Foster walked around to the Rambler's right side and through a window observed a lady's handbag containing tools on the back seat floor between Fields' feet. Both officers said they saw hammers, a bar and several other large tools.

At that time Fields and Montgomery were then placed under arrest for "investigation of burglary and larceny" and investigation for possession of burglary tools. The Rambler was then searched —disclosing a .22 caliber pistol under the front seat; a loaded .38 caliber pistol under the back seat; .38 and .45 caliber ammunition in the red jacket; chisels and other small tools in the handbag; a hunting cap and some cotton gloves. Some of the items had "Peer Hardware" stickers attached.

Also at this time a radio report was made to police headquarters and a check at Peer Hardware disclosed the occurrence of a burglary. Fields and Montgomery were subsequently charged with burglary and stealing and the items seized were introduced in evidence against Fields.

■ We find no merit in Fields' contention that he was denied the effective assistance of counsel in that court-appointed counsel did not file a motion to suppress the seized evidence prior to trial nor did he include in a motion for new trial the ground that illegally seized items had been introduced into evidence.

In the state post-conviction hearing Fields' counsel, a practitioner with ten years experience and criminal trial experience of eight or nine criminal trials per year, stated that no motion to suppress the evidence was filed for reasons of trial strategy. Fields' position through the course of trial was that he had been an innocent passenger in the back seat of Montgomery's car and that neither the tools or the guns belonged to him. Counsel also felt that a suppression motion would have been frivolous since a similar motion by Montgomery, who owned the Rambler, had been overruled in the companion trial. We are satisfied that Fields' claim of inadequate representation is unfounded. See Cardarella v. United States, 375 F.2d 222, 229–231 (CA8 1967).

Fields asserts that the warrantless search and seizure conducted subsequent to his arrest was unlawful for the reason that his warrantless arrest was made without probable cause. Fields

claims the arrest occurred when the police stopped the Rambler rather than at the time indicated by the officers, and up to that moment they had no probable cause to arrest.

Our task, therefore, is to determine whether this "investigative stop" upon less than probable cause comports with the requirements of the Fourth Amendment as recently interpreted by this Court and the Supreme Court of the United States. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); White v. United States, 448 F. 2d 250 (CA8 1971); United States v. Nicholas, 448 F.2d 622 (CA8 1971); United States v. Harflinger, 436 F.2d 928 (CA8 1970) and Carpenter v. Sigler, 419 F.2d 169 (CA8 1969). We affirm.

 We conclude that under the principles formulated in the above cited cases, such circumstances as give rise to a right in the police to briefly detain or "seize" a person for investigation on less than probable cause are present in this case.

A police officer familiar with the area observes an unfamiliar car in a parking lot late in the evening. The business district is "closed up" for the night. The car is parked near the rear entrance of a hardware store. The officers view three men coming from the direction of the store's rear entrance and "carrying something." All this, coupled with the officer's knowledge that the owner of the vehicle is a suspect in prior burglaries, satisfies us that the officers, though without probable cause to make an arrest, were justified in their intrusion on Fields' Fourth Amendment rights. Nor was the scope of their intrusion unreasonable.[1] It would be inconceivable to require the police to track and follow a car until verification that a crime has been committed is received.

Additionally, we find that the warrantless search of the car was constitutionally permissible for the reason that the combination of the suspicious circumstances enumerated above and the observation of the alleged burglar tools which were visible without a search gave the officers the requisite probable cause to arrest and immediately search the car. See Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970) and Harflinger, supra, 436 F.2d at 932–935.

The judgment of the trial court denying habeas corpus relief is affirmed.

---

1. Under *Terry*, our inquiry into the question of reasonableness consists of determining: (1) whether the officer's intrusion on an individual's Fourth Amendment rights was justified by the facts, and (2) whether the scope of the intrusion was reasonably related to the circumstances which justify the interference. See *Nicholas supra*, 448 F.2d at 624 and *Harflinger, supra*, 436 F.2d at 932.