**UNITED STATES of America,**
**Appellee,**

v.

**Larry Gene WICKIZER, Appellant.**

**No. 72–1138.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 15, 1972.

Filed Sept. 13, 1972.

Bruce C. Houdek, Federal Public Defender, W. D. Missouri, and Ronald M. Sokol, Asst. Federal Public Defender, Kansas City, Mo., on brief for appellant.

Bert C. Hurn, U. S. Atty., and Paul Anthony White, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before LAY, HEANEY and BRIGHT, Circuit Judges.

LAY, Circuit Judge.

Defendant, Larry Gene Wickizer, was convicted for violation of 26 U.S.C.A. § 5861(d) arising from possession of an unregistered sawed-off single-shot .22 caliber rifle found under the front passenger seat of a parked car. The trial court overruled a motion to suppress the gun. Subject to objection to introduction of the rifle in evidence, a jury was waived and the court heard the testimony. The trial court entered a judgment of conviction. The defendant appeals on the sole issue as to whether the gun was seized in violation of his Fourth Amendment rights. We affirm.

The facts show that on the evening of November 6, 1971, at approximately 10:15 p. m., defendant was seated in a parked car in a Kansas City, Missouri, public park. A male friend was in the front seat with the defendant and two young female companions were in the rear seat. A Kansas City police officer was on patrol in the park. The officer had knowledge that there had recently been several rapes in the area. As he approached the Wickizer vehicle he shined his car spotlight through defendant's front windshield and noticed the two girls sitting in the back seat. They were rather young, and he thought they both appeared frightened. The officer stopped and asked the driver to identify himself. The driver's license handed him showed that the driver was the defendant Larry Gene Wickizer. The officer noted the girls' clothing was not torn or in disarray. The officer immediately recognized the driver as a person known to the police and one who had previously been convicted of a felony (automobile theft). Thereafter, the officer asked the men to get out of the car. Because of his knowledge of the defendant he radioed for assistance in checking out the defendant. The radio dispatcher reported to the officer that the license plate on the vehicle was not issued to it.

Within three or four minutes another patrol car arrived. The assisting officers had heard from the police dispatcher that the car was not properly registered, and they noticed upon arrival that the front license plate was missing. One of the officers told his companion

officer, a police recruit, to make a visual check of the automobile using a flashlight. In the meantime the men were "frisked" and the girls removed from the car and taken to one of the police cars. Their identities were checked on the radio, and it was found they were not wanted. As the recruit officer inspected the car with his flashlight he saw the butt and trigger assembly of what looked like a gun. The other assisting officer then opened the car and discovered the sawed-off single-shot rifle.

■ Defendant claims that the search was not incident to a lawful arrest and therefore invalid. The government seeks to justify the search under the principles of Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 5 L.Ed.2d 372 (1968). If the seizure of the gun turned on principles of probable cause for arrest and was attempted to be justified on a search incident thereto, we would have no difficulty agreeing with the defendant. Clearly, there was lack of probable cause for a valid arrest at the time the inspection of the car took place. However, under the *Terry* case Fourth Amendment standards of "reasonableness" are applicable where an investigative search follows a permissible "seizure" of the person short of an actual arrest. Under these circumstances, the demanding requisites of probable cause do not control. See Terry v. Ohio, supra at 20–22, 88 S.Ct. 1868, 5 L.Ed.2d 372. The following standards of *Terry* are the relevant considerations here: "(1) whether the facts warranted the intrusion on the individual's Fourth Amendment rights, and (2) whether the scope of the intrusion was reasonably related 'to the circumstances which justified the interference in the first place.'" Carpenter v. Sigler, 419 F.2d 169, 171 (8 Cir. 1969). See also United States v. Nicholas, 448 F.2d 622, 624 (8 Cir. 1971); United States v. Harflinger, 436 F.2d 928, 932 (8 Cir. 1970), cert. denied, 402 U.S. 973, 91 S.Ct. 1660, 29 L.Ed.2d 137 (1971); United States v. Unverzagt, 424 F.2d 396, 398 (8 Cir. 1970).

■ There existed permissible grounds for the initial questioning of the defendant. The officer's concern over previous rapes in the area and his impression of the frightened appearance of the young girls gave cause for further investigation. Upon disclosure to the officer as to who the defendant was, coupled with the officer's knowledge that he was a convicted felon, it was reasonable to require the defendant and his companions to get out of the car until further assistance came.

During the questioning of Wickizer the officers learned that the car was improperly registered and was missing a license plate. These facts, along with those circumstances discussed, gave reasonable justification for a visual inspection of the car from without. The "search" was not intensive or exploratory in scope. See United States v. Mahanna, 461 F.2d 1110 (8 Cir. 1972). Cf. Chimel v. California, 395 U.S. 752, 763–764, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); United States v. Parham, 458 F.2d 438, 439 (8 Cir. 1972); United States v. Harflinger, 436 F.2d 928, 932 (8 Cir. 1970), cert. denied, 402 U.S. 973, 91 S.Ct. 1660, 29 L.Ed.2d 372 (1971).

■ Balancing the need for further investigation, notwithstanding the lack of probable cause, and objectively viewing all the existing circumstances, we find the limited intrusion permissible. Simply because the initial questioning might give the appearance that "all is well," if an officer has a justifiable basis for the initial intrusion, he may take whatever additional action which would "warrant a man of reasonable caution" under the circumstances to take. The fact that the men might be armed or have weapons within the car could have a direct bearing on whether the girls were forcibly present. Their failure to complain to the officers should not completely negate their frightened appearance in the officer's mind. These facts along with the irregularities relating to the car license and registration are all to be considered.

Most cases hold that illuminating an area with an artificial light does not constitute a sufficient invasion of privacy warranting Fourth Amendment protections. See United States v. Lee, 274 U.S. 559, 563, 47 S.Ct. 746, 71 L.Ed. 1202 (1927); United States v. Booker, 461 F.2d 990 (6 Cir. 1972); United States v. Kim, 430 F.2d 58, 61 (9 Cir. 1970).

The *Booker* case involved the stopping of a vehicle for a traffic offense. The officer shined the light into the car and observed the barrel of a rifle. The Sixth Circuit reversed the district court's finding that the gun was inadmissible because the search lacked probable cause. Judge McCree concurred in the result but observed:

> "A person seated in a darkened automobile at night has a right to rely upon the privacy afforded by those circumstances. 'What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection. . . . But what he seeks to preserve as private, even in an area accessible to the public, may be constitutionally protected.' Katz v. United States, 389 U.S. 347, 351–352, 88 S.Ct. 507, 511, 19 L.Ed.2d 576 (1967). However, under all the circumstances of this case, I regard the limited invasion of appellants' privacy by the illumination of the automobile's interior as reasonable." United States v. Booker, supra, 461 F.2d at 993.

We need not decide here whether the officer's flashlight inspection of Wickizer's car constitutes a search. For purposes of decision, we assume it did, but find that it constituted a reasonable invasion of the defendant's privacy.

Judgment affirmed.

BRIGHT, Circuit Judge (concurring).

To the extent that Judge Lay's opinion might be interpreted as justifying the warrantless search in this case under the "stop and frisk" doctrine of Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 5 L.Ed.2d 372 (1968), I disagree. I find nothing in *Terry* which permits a general warrantless search of an automobile not occupied by the person who is stopped, interrogated, and frisked. *Cf.* Adams v. Williams, 407 U.S. 143, 92 S. Ct. 1921, 32 L.Ed.2d 612 (1972). However, I concur in the result because the sawed-off rifle came into the plain view of the police and could be seized under the "plain view" doctrine, which applies here, notwithstanding that a flashlight provided artificial illumination. United States v. Story, 463 F.2d 326 (8th Cir. 1972); Fields v. Swenson, 459 F.2d 1064 (8th Cir. 1972); Walker v. Beto, 437 F.2d 1018 (5th Cir. 1971); Marshall v. United States, 422 F.2d 185 (5th Cir. 1970); Carpenter v. Sigler, 419 F.2d 169 (8th Cir. 1969). *See also* United States v. Harflinger, 436 F.2d 928 (8th Cir. 1970).