284 So.2d 525 (1973)
Johnnie CHAPMAN
v.
STATE of Mississippi.
No. 47461.
Supreme Court of Mississippi.
October 29, 1973.
*526 Harry Kelley, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Karen Gilfoy, Special Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Presiding Justice.
The appellant was indicted, tried and convicted of the crime of grand larceny in the Circuit Court of Warren County, Mississippi. He was sentenced to serve a term of five (5) years in the Mississippi State Penitentiary. He has appealed to this Court and now contends on appeal that the trial court erred in admitting into evidence certain money taken from Harriett Cannon, and that the trial court erroneously failed to direct a verdict of not guilty.
This is what is said to have occurred. Four Negro women, dressed in uniforms similar to those worn by nurses, entered Jitney Jungle No. 2, a grocery supermarket in Warren County, Mississippi, about ten o'clock. At this time one of the cashiers left her checking stand and went to the back of the store. One of the uniformed Negro women asked a second cashier about some article in the store. When she went to help this customer, the cash register was left unguarded. When the cashier who had gone to the back of the store returned, she discovered that the money left in her cash register was missing. She immediately raised an alarm. In the meantime, the four uniformed Negro women passed out of the store and were seen to have entered an automobile which had been parked at the side of the store. A witness observed a Negro man sitting in the waiting automobile. The Sheriff of Warren County was notified. He promptly gave the description of the uniformed women and the automobile to officers over his radio broadcasting system. A patrolman cruising along the highway met an automobile occupied by persons similar to the description received by the officer over his radio. The officer turned around and followed the automobile. He discovered that the driver of the suspected automobile was exceeding the speed limit. The officer overtook the speeding automobile and arrested the driver for speeding. Another officer arrived to aid the first officer. The sheriff was notified that persons "fitting the description" given by the sheriff had been stopped on the highway near the town of Clinton, Mississippi. The sheriff called an officer and requested him to bring someone who could determine whether or not these people were the persons who came to the grocery store. A Mrs. Dement from the grocery store recognized them and identified them as the women who came to the store. They were then arrested and later taken to the sheriff's office in Warren County. The sheriff was advised that *527 some of the money was marked. The sheriff took all the personal property from the suspects, including their belts, at the time they were arrested; but, the money given to the sheriff was in small amounts. The sheriff interrogated the suspects as to the money, and finally, one of the women gave a large sum of money to the sheriff. The sheriff counted the money and found it to be nine hundred and fourteen dollars ($914.00). The serial numbers on one five, one ten, and one twenty dollar bill contained the numbers previously recorded by the cashier. The officers also discovered three balloons which had been purchased at the grocery store by one of the women. The women told the sheriff that they had made the money in New Orleans.
The issue here is twofold: First, the appellant contends that the evidence adduced by the search of the suspects at the time they were arrested was illegal because there was no probable cause for their arrest. The trial court held that the officers were authorized to search the suspects, after their arrest, upon the ground that they were lawfully arrested. We are of the opinion that the court was correct and that the arrest was a lawful arrest for the following reasons. A crime had been committed. The persons who committed the crime were fleeing from the scene of the crime in an automobile. [White v. State, 70 Miss. 253, 11 So. 632 (1892)]. They were apprehended because of a traffic violation, and when it appeared that they were apparently the persons who were said to have committed the crime, it became the duty of the officer to detain them. Section 2470, Mississippi Code 1942 Annotated (Supp. 1972). When they were identified, it became the duty of the sheriff to arrest them. [Bogard v. State, 233 So.2d 102 (Miss. 1970); McCollum v. State, 197 So.2d 252 (Miss. 1967); Fuqua v. State, 246 Miss. 191, 145 So.2d 152 (1962); Gilbert v. United States, 366 F.2d 923 (9th Cir.1966)]. After they were arrested, it became the duty of the officer to search them for weapons, evidence of the crime for which they were arrested, and means of escape, or other means by which they could injure themselves or others. [Shay v. State, 229 Miss. 186, 90 So.2d 209 (1956)]. Moreover, other evidence obtained by this search was admissible in the trial. [Bradshaw v. State, 192 So.2d 387 (Miss. 1966)].
Second, it is contended that there was no evidence against the defendant since he was not in the store and nothing was found on his person to convict him of the crime; therefore, he cannot be convicted for mere association with persons who commit crime. The appellant cites Hux v. State, 234 So.2d 50 (Miss. 1970); Matula v. State, 220 So.2d 833 (Miss. 1969) and Mullen v. State, 202 Miss. 795, 32 So.2d 874 (1947).
These cases, however, are not controlling here, because the evidence here does show facts which the jury could believe beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis, that the defendant was acting in conjunction with the other defendants to commit larceny.
In the first place, it is obvious from the testimony that the women were acting in conjunction and under a pre-arranged plan as a team in the store to perpetrate the larceny. The defendant waited at the side of the store in an automobile, on the driver's side behind the steering wheel. The motor of the automobile was running, and as soon as the women were in the automobile, it left at a rapid rate of speed. The defendant was identified as being the man in the waiting automobile. In the next place, when the patrolman observed the automobile driven by the defendant, the patrolman turned around to pursue the automobile and he observed the defendant stopping the automobile and getting on the back seat so that one of the women then drove the automobile until they were stopped by the highway patrolman. The women told the sheriff that they were walking along the road and the defendant picked them *528 up  that is to say, it was not their automobile, but the defendant's automobile.
There was no evidence offered on behalf of the defendant. We are of the opinion that there is ample testimony in the record to show beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis that the defendant was acting in conjunction with the other defendants to perpetrate the crime of larceny. The judgment of the trial court and the sentence of the defendant are therefore affirmed.
Affirmed.
SMITH, ROBERTSON, SUGG and BROOM, JJ., concur.