348 So.2d 428 (1977)
Alonzo GREEN, Jr. and Tyrone Green
v.
STATE of Mississippi.
No. 49681.
Supreme Court of Mississippi.
July 27, 1977.
Wells & Blalock, Tim D. Blalock, Natchez, for appellants.
A.F. Summer, Atty. Gen., by Catherine W. Underwood, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, SUGG and WALKER, JJ.
WALKER, Justice, for the Court:
Alonzo Green, Jr. and Tyrone Green were indicted for burglary and larceny. Before trial, they filed a motion in the Circuit Court of Adams County, Mississippi, to suppress evidence resulting from the allegedly unlawful search of their automobile. After an evidentiary hearing, their motion was overruled. At trial, the jury found both defendants guilty, and each was sentenced to a term of four years in the state penitentiary. We have concluded that the trial court properly overruled the motion to suppress the evidence, and the convictions and sentences are therefore affirmed.
The question presented is whether the circumstances known to the officers justified an investigatory stop, as authorized *429 by Singletary v. State, 318 So.2d 873 (Miss. 1975). There, Justice Gillespie, speaking for the Court, said:
Police activity in preventing crime, detecting violations, making identifications, and in apprehending criminals may be divided into three types of action: (1) Voluntary conversation: An officer may approach a person for the purpose of engaging in a voluntary conversation no matter what facts are known to the officer since it involves no force and no detention of the person interviewed; (2) Investigative stop and temporary detention: To stop and temporarily detain is not an arrest, and the cases hold that given reasonable circumstances an officer may stop and detain a person to resolve an ambiguous situation without having sufficient knowledge to justify an arrest; (3) Arrest: An arrest may be made only when the officer has probable cause. (318 So.2d at 876).
If the police were justified in stopping the car, then they had the right to seize the safe, since it was noticed in plain view. See, e.g., Howell v. State, 300 So.2d 774, 775-76 (Miss. 1974).
The justification for the practice of investigatory stops was first articulated in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In that case, a police officer detained two men whom he had observed walking up and down the same block several times. The two men had stopped to stare into the same store window a total of twenty-four times. Id. at 23, 88 S.Ct. at 1881, 20 L.Ed.2d at 907. The Court found that these circumstances sufficiently indicated the possibility of an impending robbery, so that the investigatory detention was justified. In Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972), a police officer had been informed by a person known to him that an individual seated in a parked car nearby was carrying narcotics and had a gun in his belt. The officer walked to the parked car to investigate, and found the revolver in the occupant's waist band. The Court found his actions reasonable under the circumstances. Thus, in Adams the officer had a reasonable suspicion that a crime had taken place, while in Terry the officer had a reasonable suspicion that a crime was about to take place.
Similar circumstances have been persuasive in the cases decided by this Court. In Singletary, supra, the persons detained had been under observation because the manager of the motel in which they were staying informed the police that they had a gun and a great deal of money in their room. The police thus had a reasonable suspicion that the occupants might have been involved with a bank robbery which had occurred the day before. Id. at 874-75. In Chapman v. State, 284 So.2d 525 (Miss. 1973), the defendant was stopped for speeding, and was detained because she and her companions fit the description of the persons who had recently robbed a grocery store. In Griffin v. State, 339 So.2d 550 (Miss. 1976), the proprietor of a store had observed the defendant and his companions wandering through her store without making a purchase. Later, she saw them on the street, taking clothes out from under their coats and putting them in a brown paper bag. We held that the police properly detained and questioned the suspects.
Neither this Court nor the Supreme Court of the United States has ever been able to articulate a concrete rule to determine what circumstances might justify an investigatory stop. Given all the situations which policemen must face every day, we doubt that any such universal rule might be stated. Therefore, we have approached the question on a case-by-case basis.
Under the facts and circumstances of this case, we are convinced that the arresting officers had reasonable grounds for stopping the car to question its occupants.
The incident occurred at 3:30 a.m. on March 14, 1976. Officers Boyette and Mitchell of the Natchez Police Department were patrolling the business section of Natchez when they received an official communication by radio from police headquarters that one Alonzo Green and a companion were seen "running" in the vicinity of Pearl and Main Streets and that Alonzo *430 had a pair of gloves in his hand. Alonzo was known to the officers to have been in some trouble and involved with the courts. While going to the area of Pearl and Main, Officer Boyette saw an automobile make a circle down Orleans Street and come back up Pearl Street behind him. The car did not pass Officer Boyette's vehicle, but pulled over to the curb and stopped. Officer Boyette stopped his police car at the corner of Pearl and Main and got out to check and see if a drug store located there had been burglarized. While out of his car, Officer Boyette observed the same automobile coming from the south on Pearl, and, as it passed he made a mental note of the license tag number and that it had a CB antenna on the back. The officers then proceeded in their vehicle around the block coming back to the intersection of Pearl and Main and turned north on Pearl Street. At this time they again saw the same automobile come out of a parking lot in the middle of the block between Main and Franklin Streets. One man was seated in the front driving and a second man was in the backseat holding something. The officer stopped the car and upon looking inside saw a "safe" on the backseat. The occupants of the car were taken into custody for investigation. Further investigation disclosed that the safe contained $978 and had been taken from the offices of the Service Finance Company in the business block that encompassed Pearl, Main and Franklin Streets. One occupant of the car turned out to be Alonzo Green, although the officer did not recognize him at the time.
Considering the lateness of the hour, the erratic behavior of the defendants' automobile, and the radio report that Alonzo, whom the arresting officers knew had been in some trouble with the court before, was in the area, their action in stopping the car was reasonable. This same conclusion has been reached in cases with similar facts from other jurisdictions. For example in Fields v. Swenson, 459 F.2d 1064 (8th Cir.1972), the court stated:
We conclude that under the principles formulated in the above cited cases, such circumstances as give rise to a right in the police to briefly detain or "seize" a person for investigation on less than probable cause are present in this case.
A police officer familiar with the area observes an unfamiliar car in a parking lot late in the evening. The business district is "closed up" for the night. The car is parked near the rear entrance of a hardware store. The officers view three men coming from the direction of the store's rear entrance and "carrying something." All this, coupled with the officer's knowledge that the owner of the vehicle is a suspect in prior burglaries, satisfies us that the officers, though without probable cause to make an arrest, were justified in their intrusion on Fields' Fourth Amendment rights. Nor was the scope of their intrusion unreasonable. It would be inconceivable to require the police to track and follow a car until verification that a crime had been committed is received. (459 F.2d at 1067).
See also United States v. Walling, 486 F.2d 229 (9th Cir.1973), where the arresting officers were held to have had reasonable grounds for making an investigatory stop of an automobile, despite the fact that they had no knowledge of any crime having been committed, where the incident took place on a lonely country road late at night and where the officers knew that the area had been used in the past for various criminal activities. Cf. United States v. Hernandez 486 F.2d 614 (7th Cir.1973).
There can be little argument that once the stop was made and the officers looked into the vehicle and saw a safe on its backseat they were justified in detaining the occupants of the automobile for the purpose of further investigation. See Fields v. Swenson, supra.
The judgment and sentence of the lower court is therefore affirmed.
AFFIRMED.
PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, BROOM and LEE, JJ., concur.
GILLESPIE, C.J., took no part.