HAWKINS, Presiding Justice,
for the Court:
Jerold Wayne Smith has appealed from his conviction of burglary in the circuit court of the First Judicial District of Harrison County and sentence to seven years imprisonment.
One of Smith’s assignments of error is that the circuit judge should have sustained his motion for a directed verdict because at the most he was only an accessory after the fact. Finding this issue dispositive, we reverse and render judgment discharging him.
FACTS
Shortly after midnight on January 28, 1985, Hudson’s Salvage Center in Gulfport was burglarized and $1,100 worth of jewelry was stolen. The burglary set off an alarm and Gerald L. Nelson, a city police officer on patrol, responded. He observed that a dark green Oldsmobile was in front of the Salvage Center, a glass door to the building was broken, and a female was leaving the building. She got into the car, and it sped off. Nelson gave chase, but the car got out of his sight. The car crashed into a tree a few blocks away. Police officers arrived and searched the car, finding several cases of jewelry items on the floorboard of the passenger side.
While they were at the scene, Smith came out of the dark with his hands up and said, “I give up, I am hurt.” He told the officers that he was the driver of the car. Smith was placed under arrest.
Catherine Mae (Cat) Wilson was arrested later that night.
The grand jury indicted Smith and Wilson for burglary on April 22, 1985. Upon motion the defendants were granted separate trials. Wilson pled guilty and was sentenced to seven years imprisonment.
Smith was brought to trial on September 10. Just prior to trial Smith attempted to plead guilty upon an agreement he had with the State to forego sentencing him as a habitual offender under Miss.Code Ann. § 99-19-81. When Smith gave the circuit judge his version of what transpired that night, however, the court refused to accept his guilty plea. The case proceeded to trial, the State offered testimony essentially as above set forth, and rested.
The circuit judge overruled Smith’s motion for a directed verdict.
Wilson testified in Smith’s defense. She was the only defense witness, but her testimony as to what transpired is uncontradict-ed.
According to Wilson, on the night of the burglary she and Smith had left a local bar where he had won a pool game tournament. As they left she asked him to drive her by the salvage center, telling him that she wanted to look at some clothing on display. When they got there she got out of the car, and saw jewelry on display. She then decided to break the glass and steal the jewelry. She returned to the car and asked Smith for something to break the glass window. He told her no. She then looked on the back floor of the car and found *1030 either a tire tool, or some kind of iron bar. As she took the tool out of the car, Smith told her, “Don’t,” and also told her he was leaving. She paid no attention to him, and smashed the window. She then swept some jewelry up and started back to the car. Smith was in the process of driving off, and she had to run to catch the car and get in.
They sped away and crashed into the tree some several blocks distant. Wilson got some of the jewelry from the car and left. The officers later arrested her.
In addition to overruling the motion for a directed verdict when the State rested, the circuit judge also refused a defense instruction requested at the close of all evidence to find the defendant not guilty.
The jury found Smith guilty of burglary, and he was sentenced to seven years imprisonment as a habitual offender without parole, under Miss.Code Ann. § 99-19-81.
Smith has appealed.
LAW
Smith assigns as error that the court erred in overruling his motion for a directed verdict. The trial court was correct in overruling Smith’s motion for a directed verdict when the State rested, because the record at that time would have supported, at least circumstantially, that Smith was an active participant in the burglary itself. At the close of the evidence Smith was entitled to a directed verdict. In civil cases a motion for a directed verdict at the close of the evidence dispenses with a request for a peremptory instruction. Rule 50(b), Mississippi Rules of Civil Procedure. We have held, however, that a request for a peremptory instruction serves the same purpose, and treat it as the functional equivalent of a motion for a directed verdict at the close of the case. Griffin v. State, 480 So.2d 1124, 1126 (Miss.1985).
In this case Smith’s request for a peremptory instruction was sufficient to raise the issue of lack of proof to support his conviction.
CONCLUSION
Wilson was the sole perpetrator of the burglary. Although Smith was present, the proof is uncontradicted that he neither assisted nor encouraged her by any word or act to commit this crime. A jury would have been warranted in finding him guilty as an accessary after the fact to burglary or larceny, but not as a principal to burglary. Questions of this nature are elementary to criminal law, have been discussed in numerous cases, and need no repetition. Malone v. State, 486 So.2d 360 (Miss.1986); McDonald v. State, 454 So.2d 488, 493-495 (Miss.1984); Gibbs v. State, 223 Miss. 1, 6, 77 So.2d 705, 707 (1955); Mullen v. State, 202 Miss. 795, 32 So.2d 874 (1947).
It, therefore, follows that the judgment of conviction should be reversed and Smith discharged.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.
GRIFFIN, J., not participating.