**Albert Earl MOODYES, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 19094.

United States Court of Appeals
Eighth Circuit.

Sept. 23, 1968.

Rehearing Denied Nov. 26, 1968.

King Tristani, Minneapolis, Minn., for appellant.

Roland J. Faricy, Asst. U. S. Atty., Minneapolis, Minn., for appellee, Patrick J. Foley, U. S. Atty., on the brief.

Before MEHAFFY, GIBSON and LAY, Circuit Judges.

MEHAFFY, Circuit Judge.

Albert Earl Moodyes appeals from a judgment of conviction following a jury verdict based upon a single-count information charging him with possession of a sawed-off shotgun upon which the tax as required by 26 U.S.C. § 5821 had not been paid in violation of 26 U.S.C. § 5851.[1]

Only two assignments of error are advanced for reversal of the judgment. It is first contended that the search of a vehicle approximately one block from the place of defendant's arrest without a search warrant was illegal in that the search was not incidental to the arrest. The second assignment of error challenges the sufficiency of the evidence to support the conviction.[2]

The pertinent facts are that shortly after midnight on August 22, 1967, Francis Rogge was delivering pizzas for Robert's Pizza Parlor when he observed two colored men walking away from a black Chrysler automobile into an alley leading to the back of Albar Appliance Store. This aroused Rogge's curiosity for a number of reasons. The black Chrysler was not a car that was usually parked in that neighborhood; he knew that no Negroes lived in the neighborhood; and he ordinarily did not see anyone using the alley.

Gerald Belski, a cook at the Pizza Parlor, stepped out in the street to take a cigarette break and observed a man across the street in a seldom used entranceway to the Albar Appliance Store. The man's actions were of such a suspicious nature that Belski telephoned the police department and reported what he

---

1. The information, omitting formal parts, reads:
   "The United States Attorney charges:
   "That on or about August 22, 1967, at the City of Minneapolis, County of Hennepin, State and District of Minnesota,
   ALBERT EARL MOODYES
   did possess a firearm within the meaning of Section 5848, Title 26, United States Code, to wit: a Hopkins Allen Arms Company Model F, 12 gauge shotgun bearing serial number 179435, with a barrel length of 10⅛ inches and an over-all length of 20½ inches, which firearm had been made from a shotgun without the payment of the tax required by Section 5821, Title 26, United States Code.
   "In violation of Section 5851, Title 26, United States Code."

2. Defendant here has at no time asserted his privilege against self-incrimination. This case was tried and the briefs filed

before Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968). The case was, however, argued orally and submitted to this court on May 17, 1968, some three and one-half months after *Haynes*, and the privilege issue was not raised at that time. Ordinarily, we do not consider issues not raised in the trial court. Sizemore v. United States, 393 F.2d 656 (8th Cir. 1968). At this stage we do not know whether the Supreme Court will extend the rationalé of *Haynes* to encompass § 5821, but if that occurs defendant will not be precluded from litigating this issue. See Deckard v. United States, 381 F.2d 77 (8th Cir. 1967), which foreshadowed *Haynes*, and compare Harris v. United States, 390 F.2d 616 (8th Cir. 1968).
   It would also be appropriate to note our pre-*Haynes* opinion in Sipes v. United States, 321 F.2d 174, 178 (8th Cir. 1963).

had observed. Police Officer Glodek and a companion officer were dispatched to the appliance store and upon arrival Glodek observed defendant Moodyes in the doorway with a claw hammer in his left hand. The transom to the appliance store was open and Glodek recognized Moodyes as a dangerous criminal who had nearly killed one of his fellow police officers. He immediately arrested defendant and searched his person. He found in defendant's possession a paring knife with an eight-inch blade, a set of automobile keys, and three 12-gauge shotgun shells.

Rogge, who had returned to the Pizza Parlor by this time, informed the police officers that he had seen two men leave the area of the Chrysler automobile and proceed down the alley. Thereupon, Officer Glodek immediately went to the Chrysler automobile about a block away. He first determined that the license plate attached to the Chrysler was assigned to a different vehicle and, although the car doors were unlocked, he determined that the keys taken from defendant upon his arrest fit the Chrysler. He proceeded to search the car and found a 12-gauge sawed-off shotgun under the right front seat or passenger side of the vehicle. It was later ascertained that the Chrysler was registered in defendant's name and the 12-gauge shotgun shells found in defendant's pocket fit the sawed-off shotgun.

Defendant did not take the witness stand or otherwise offer any evidence, so the above pertinent facts are without dispute.

*The Search of the Automobile.*

It is conceded that the arrest and search of defendant's person without a warrant were proper under the circumstances. It is argued, however, that the search of the automobile one block away, although immediately after the arrest, was not incidental to the arrest, and, therefore, the evidence obtained in the search could not be admitted into evidence. It is undisputed that the search of the automobile took place immediately after the arrest,[3] and in our view was not only proper but under such circumstances the arresting officer would have been derelict in his duty had he not made an immediate search of the automobile. This is so because such a search accompanying the arrest might have disclosed burglar tools, weapons or fruits of the burglary which otherwise might not have been available. If time had been consumed to effectuate obtaining of a search warrant and returning to the vehicle, an accomplice might well have moved the car or at least stripped it of any incriminating evidence.

Under strikingly similar facts relative to the search of an automobile some distance from the site of the arrest, this court in Feinstein v. United States, 390 F.2d 50 (8th Cir. 1968), concluded that the search and seizure were incidental to and contemporaneous with the valid arrest even though the automobile containing the contraband goods was located some distance from the point of the arrest. In *Feinstein,* supra at 53, Judge Matthes articulated the search and seizure issue as follows:

"In support of his contention that the search was not incidental to a valid arrest, Feinstein argues that the automobile containing the contraband articles was located some distance away from the point of arrest. Although the record does not reveal with clarity the distance between the Valley Ford automobile and the place where Feinstein was apprehended, it is abundantly clear that the search and seizure took place almost immediately after the arrest. The searched automobile was under the constructive if not the actual possession of Feinstein. Sound

---

**3.** The undisputed evidence as to the lapse of time between the arrest and the search of the vehicle is contained in Officer Glodek's testimony as follows: "He had the set of keys which contained Chrysler auto product car keys on it. I then immediately went to the car. The keys fit the car. I conducted a search of the interior of the car."

authority supports our holding that the search and seizure were incidental to the arrest. See, e. g., Drummond v. United States, 350 F.2d 983 (8th Cir. 1965), cert. denied, 384 U.S. 944, 86 S.Ct. 1469, 16 L.Ed.2d 542 (1966); Haas v. United States, 344 F.2d 56 (8th Cir. 1965); United States v. Zimmerman, 326 F.2d 1 (7th Cir. 1963). Cf. Gullet v. United States, 387 F.2d 307 (8th Cir. 1967); Churder v. United States, supra [387 F.2d 825 (8th Cir. 1968)]."

■ It is thus settled that a search and seizure under circumstances such as existed here were incidental to the valid arrest and certainly not proscribed by the Fourth Amendment which protects only against "unreasonable searches and seizures." In our view, it would have been foolhardy for the arresting officer to have failed to forthrightly search the Chrysler automobile when the keys thereto were found in defendant's pocket under circumstances indicating that a burglary was in progress.

*Sufficiency of the Evidence.*

■ Having found the search of the automobile and seizure of the sawed-off shotgun lawful, we have no difficulty in concluding that the evidence was amply sufficient to submit this case to the jury. We must as a reviewing court consider the evidence in the light most favorable to the verdict. Kayser v. United States, 394 F.2d 601 (8th Cir. 1968); Cave v. United States, 390 F.2d 58 (8th Cir. 1968).

The evidence clearly points to defendant as the possessor of the 12-gauge sawed-off shotgun as it was determined that he owned the car in which the shotgun was found; the keys to the car were found in his pocket as were three 12-gauge shotgun shells at the time of his arrest; the shells so found fit the shotgun, and there is no dispute about defendant's failure to comply with the tax provisions of 26 U.S.C. § 5821.

In light of the totality of the undisputed evidence, we cannot say that the jury was not warranted in drawing a reasonable inference that defendant was guilty of the crime with which he was charged. The jury could hardly have concluded otherwise.

The judgment of conviction is affirmed.