**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Danny Alvin BERRY, Defendant-
Appellant.**

**No. 520-69.**

United States Court of Appeals,
Tenth Circuit.

March 13, 1970.

John E. Green, Asst. U. S. Atty. (William R. Burkett, U. S. Atty., on the brief), for appellee.

Max Moulton, Oklahoma City, Okl. (Don Winfrey, Oklahoma City, Okl., on the brief), for appellant.

Before BREITENSTEIN, SETH and HOLLOWAY, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The jury found defendant-appellant Berry guilty of violating 26 U.S.C. § 5861, unlawful possession of a firearm made in violation of 26 U.S.C. § 5822. He appeals from the sentence imposed.

Defendant was arrested by state officers and the car which he was driving was taken to the police headquarters. It was then locked and was not opened until the time of the search. A search warrant for the car had been issued before defendant's arrest and was executed about two hours after the arrest. Upon opening the trunk of the car, the searching officers saw a sawed-off shotgun which was plainly visible.

The government's proof was that the gun was found in defendant's car, that it was a firearm within the meaning of 26 U.S.C. § 5845(a), that no tax had been paid, and that no application of intention to make the firearm had been submitted as required by law. The only witness for the defendant was his wife, who testified that others than the defendant occasionally drove the car in which the gun was found. A pre-trial motion to suppress the evidence found in the car search was denied. Appropriate objections to the receipt of the gun in evidence were overruled.

The defendant claims that the affidavits submitted in support of the request for a state search warrant failed to show probable cause for the issuance of the warrant. Affiant Wayne Ross Connell swore that he, the defendant, and others had committed two burglaries; that defendant had told him that defendant's share of the loot was at specified locations; that defendant had told him that defendant had stolen a coin collection from an automobile and hidden it at a certain place; and that "merchandise from all the above burglaries is hauled in automobiles belonging to Danny Berry [the defendant] and Robert Copeland."

The affidavit of the county sheriff stated that the defendant was the owner of the described automobile; that the affiant was investigating certain identified burglaries; and that the property taken in the burglaries included listed items. The search warrant was issued by a state judge. It specifically described the items for which the search was to be made and did not include the sawed-off shotgun. The sheriff executed the search warrant in the presence of two other officers. None of the property listed in the warrant was found in the car. When they opened the trunk, the officers saw what they recognized as a sawed-off shotgun on the floor of the trunk and seized it.

The defendant argues that the affidavits show no probable cause for the issuance of the warrant. This is not a case like Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, where the supporting affidavit was based on assertedly reliable information from unidentified persons who were sworn to be credible. Also it differs from Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, where no underlying circumstances were shown to support the conclusion that the informant was reliable or to support the informant's conclusion of criminal activity. Here, the burglaries and the identification of the defendant as the owner of the car were established by the sheriff. He was supported by the affidavit of an admitted accomplice who detailed two burglaries in which he had participated, described the loot generally,

swore that he had seen some of the stolen items at a certain location, and stated that the stolen merchandise "is hauled in automobiles" belonging to the defendant and another participant. Nothing was left to casual rumor, general reputation, or speculation.

■ Probable cause is something more than suspicion. Mallory v. United States, 354 U.S. 449, 454, 77 S.Ct. 1356, 1 L.Ed.2d 1479, and something less than evidence which would sustain a conviction, Henry v. United States, 361 U.S. 98, 102, 80 S.Ct. 168, 4 L.Ed.2d 134. Probable cause is concerned with probabilities, "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879.

■ Affidavits for search warrants must be tested in a common sense and realistic manner, and warrants issued thereon should not be interpreted hypertechnically. United States v. Ventresca, 380 U.S. 102, 108–109, 85 S.Ct. 741, 13 L.Ed.2d 684; see also McCray v. Illinois, 386 U.S. 300, 311, 87 S.Ct. 1056, 18 L.Ed.2d 62. Reviewing courts should show deference to determinations of probable cause by issuing magistrates. Edmondson v. United States, 10 Cir., 402 F.2d 809, 813. We believe that in the case before us the state judge acted in a reasonable and prudent manner and had probable cause to issue the search warrant. The authorization of the search of defendant's car which had transported stolen goods was rational action properly responsive "both to the needs of individual liberty and to the rights of the community." United States v. Ventresca, 380 U.S. 102, 112, 85 S.Ct. 741, 748.

■ The argument that the shotgun could not have been seized because it was not included within the property listed in the warrant has no merit. The weapon came within the description contained in 26 U.S.C. § 5845(a). It was a contraband article. See 49 U.S.C. § 781(b)(2). We have held that when an officer in the execution of a valid search warrant comes upon evidence of another crime, he is not required to close his eyes to the realities of the situation. Seymour v. United States, 10 Cir., 369 F.2d 825, 827, cert. denied 386 U.S. 987, 87 S.Ct. 1297, 18 L.Ed.2d 239. Here the officers saw a sawed-off shotgun, a contraband article. They would have neglected their duty if they had not seized it.

■ The defendant says that the evidence is insufficient to sustain the conviction because the charge is made under 26 U.S.C. § 5822 which did not become effective until November 1, 1968, and the government failed to prove that the sawed-off shotgun was made after that date. The charge was possession, not making, and the possession occurred in April, 1969. Nothing in the record shows when the sawed-off shotgun was made. We find nothing in the 1968 amendments to the National Firearms Act, 82 Stat. 1227, which limits its application to weapons made after its effective date. The decision in Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923, said that a proper claim for privilege against self-incrimination provided a full defense to prosecutions under the then applicable statutes for failure to register or for possession of a proscribed firearm. The power of Congress to regulate the making and possession of firearms was recognized. Ibid. at 90, 88 S.Ct. 722. In the instant case under the 1968 amendments no claim is made of any constitutional defect. The record shows that the defendant did possess a firearm made in violation of the Act as amended.

The attack of the defendant on the instruction covering the elements of the crime is without merit. In our opinion the charge conformed both with the indictment and the applicable statutes.

Affirmed.