**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Edward Edgar HOLGERSON, Defendant-Appellant.**

**No. 603–69**

United States Court of Appeals, Tenth Circuit.

May 1, 1970.

Richard V. Thomas, U. S. Atty. (Tosh Suyematsu, Asst. U. S. Atty., on the brief) for plaintiff-appellee.

Frederick G. Loomis, Cheyenne, Wyo., for defendant-appellant.

Before LEWIS, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

PER CURIAM.

Defendant-appellant was found guilty of violating the Dyer Act, 18 U.S.C. § 2312, and appeals from the judgment pronouncing sentence. Defendant claims that the arresting officers made an unlawful search of his car.

A Laramie, Wyoming, police officer received a radio report from his dispatcher that a person driving a certain described car had used a stolen credit card. He later saw the car stop at a filling station and the driver, defendant, get out. A woman and child remained in the car. The defendant did not close the left front door when he got out of the car. The officer confronted the defendant, who failed to produce a registration for the car and gave him a false driver's license. The officer placed the defendant under arrest and asked another officer to get the car's serial number, which was on the door post of the open door and could be read without touching the car. An "all-points" bulletin listing the serial number developed the fact that the car had been stolen about two months before in Maine. A motion to suppress was filed on the ground that the serial number was obtained by an unlawful search. This was denied and appropriate objections were made during the trial to preserve the point.

The defendant's arguments are answered by the fact that there was no search. When he got out of the car and left the door open, the serial number was in plain view. The finding of the trial court that the door was open is sustained by the evidence. There was no search because the officer "merely saw what was placed before him in full view." Ker v. California, 374 U.S. 23,

43, 83 S.Ct. 1623, 10 L.Ed.2d 726. See also Harris v. United States, 390 U.S. 234, 236, 88 S.Ct. 992, 19 L.Ed.2d 1067, and United States v. Self, 10 Cir., 410 F.2d 984, 986. Because there was no search, it is unnecessary to consider cases like Simpson v. United States, 10 Cir., 346 F.2d 291, on which the defendant relies.

Affirmed.