**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jack Orvale LEDBETTER, Defendant-Appellant.**

**No. 261-70.**

United States Court of Appeals, Tenth Circuit.

Nov. 9, 1970.

James F. Housley, Asst. U. S. Atty. (C. Nelson Day, U. S. Atty., with him on the brief) for plaintiff-appellee.

Jerry G. Elliott, Wichita, Kan., for defendant-appellant.

Before BREITENSTEIN and HILL, Circuit Judges, and THEIS, District Judge.

PER CURIAM.

Defendant-appellant Ledbetter appeals his conviction by jury for making a false statement in the acquisition of a firearm in violation of 18 U.S.C. § 922(a) (6) and for unlawful manufacture of a firearm in violation of 26 U.S.C. § 5861 (f).

Defendant purchased a shotgun in Ogden, Utah. In making the purchase he omitted to disclose in the required certificate that he was barred from making the purchase by a previous conviction of a crime punishable by a term exceeding one year. See 18 U.S.C. § 922(d). He converted the gun to a sawed-off shotgun (see 26 U.S.C. § 5845(a)) without making the application to the Secretary of the Treasury required by § 5822 and paying the tax imposed by § 5821(a).

Ogden police received word that Ledbetter and one Wilkerson, both of whom were known to the police, were wanted on a Montana warrant charging burglary. On receipt of word that Ledbetter was in the apartment of Jan Whitehead, the officers went there, knocked on the door, identified themselves, secured admittance, and arrested Ledbetter. They told Jan Whitehead that they were also seeking Wilkerson and asked permission to go through the apartment. She acquiesced. They did not find Wilkerson. On return to the room where Ledbetter had been arrested, and within about six feet from where he was

seated, one of the officers saw a sawed-off shotgun behind a partially opened closet door. On this appeal the defendant does not question the fact that the officers had probable cause for his arrest and that the arrest was lawful under Utah law.

 By motion to suppress and appropriate objections, the defendant asserted that a search and seizure of the gun violated his Fourth Amendment rights. Prime reliance is placed on Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685. We need not concern ourselves with the retroactivity of Chimel because of the difference in the facts. In Chimel there was an arrest in a house and a search of the entire house. Here there was a lawful arrest in a room of an apartment and there was no search because the gun was in plain sight within that room. The officers had the right to be where they were and to seize the contraband article which was clearly visible. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067; Ker v. State of California, 374 U.S. 23, 42–43, 83 S.Ct. 1623, 10 L.Ed.2d 726; and United States v. Holgerson, 10 Cir., 424 F.2d 1130. See also United States v. Berry, 10 Cir., 423 F.2d 142, 144. In our opinion the gun was properly seized and received in evidence.

On the day before the trial the defendant sought a continuance and a change of appointed counsel. A motion for a continuance is addressed to the sound discretion of the court. United States v. Eagleston, 10 Cir., 417 F.2d 11, 14, and Warden v. United States, 10 Cir., 391 F.2d 747, 749. The differences between defendant and his counsel were of defendant's own making. The court appointed associate counsel to attend the trial. We are convinced that the trial court did not abuse its discretion and that the defendant had adequate and competent representation by counsel.

The instructions are attacked on various grounds. The claim that the defendant was not given an adequate op-portunity, in compliance with Rule 30, F.R.Crim.P., to object is not sustained by the record. We find no improper comments on the evidence. At the trial no objection was made on the ground of impropriety in this regard. The court's instructions with regard to the rather complicated provisions of the Firearms Act fairly presented the essential issues to the jury and were subject to no trial objection. We find no error in the instructions affecting any substantial rights of the accused.

The sufficiency of the evidence is assailed for lack of proof of the required intent. Intent may be inferred from the conduct of the defendant and from circumstantial evidence which furnishes a basis for a reasonable inference. Golubin v. United States, 10 Cir., 393 F.2d 590, 592, cert. denied 393 U.S. 831, 89 S.Ct. 100, 21 L.Ed.2d 102. In the instant case there was substantial evidence from which the jury could reasonably find the required intent. We will not disturb the verdict. See Thomas v. United States, 10 Cir., 409 F.2d 730, 731.

Affirmed.