**UNITED STATES of America,**
**Appellee,**

v.

**Larry James STORY, Appellant.**

**No. 71–1401.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 8, 1972.

Decided July 19, 1972.

James P. Tierney, Kansas City, Mo.,
for appellant.

William A. Kitchen, Asst. U. S. Atty.,
Bert C. Hurn, U. S. Atty., Kansas City,
Mo., for appellee.

Before MATTHES, Chief Judge, VAN
OOSTERHOUT, Senior Circuit Judge,
and HEANEY, Circuit Judge.

VAN OOSTERHOUT, Senior Circuit Judge.

This is an appeal by defendant Story from his conviction by a jury on a charge of possessing a sawed-off shotgun in violation of 26 U.S.C.A. §§ 5861(d) and 5871, and the three-year prison sentence imposed thereon pursuant to 18 U.S.C.A. § 4208(a) (2).

Defendant filed a motion to suppress as evidence a short-barreled shotgun and shotgun shell seized from defendant's automobile. Such motion was overruled. The motion to suppress was renewed at defendant's trial and again overruled. Reversal is here sought upon the basis that the court erred in failing to suppress the evidence. The motion also asked for the suppression of statements made by the defendant but no contention is made with respect thereto on this appeal.

The evidence presented at the hearing on the motion to suppress and with respect to its renewal at the trial may be summarized as follows:

About 2 a.m. on October 3, 1971, Kansas City policeman Etter while patrolling the streets in his patrol car observed a car with license plates that had expired. He followed the car and brought it to a stop by use of a siren and flashing red lights. The officer's car stopped a car length behind defendant's car. Defendant got out of his car and went to the officer's car, and upon request entered the car and sat down beside the officer. Etter advised defendant that he was arresting him for driving a car with an expired license in violation of Missouri law.

While Etter was writing out the traffic offense summons, officer Pottinger arrived, stopping his patrol car near defendant's car. As Pottinger passed defendant's car he looked through the window on the driver's side and observed a gun that appeared to be a sawed-off shotgun. The gun was in an upright position, muzzle down, alongside the driver's seat in a position where it would be concealed by the driver's body when the driver was behind the wheel. The interior of the car was adequately illuminated by a nearby street light. Pottinger immediately upon observing the gun went to Etter's car and ordered the defendant to come out and thereupon arrested him for carrying a concealed weapon, frisked him and handcuffed him.

Immediately thereafter, Pottinger seized the shotgun, lifting it out of the open car window, and thereafter searched the car and found a shotgun shell on the console between the driver's and passenger's seats.

If the shotgun is admissible in evidence, we have no doubt that the evidence is sufficient to support the conviction. Defendant does not seriously contend otherwise. The evidence establishes that the shotgun has a barrel length of $14\frac{3}{4}$ inches and this falls within the classification for which registration is required. It is undisputed that the gun has not been registered. The evidence plainly supports a finding that the gun was in defendant's possession.

Thus the critical issue is whether the shotgun was unlawfully seized. Chief Judge Becker, who denied the pretrial motion to suppress, did so on the following basis:

"On those facts, the Court must conclude that the search and seizure of the shotgun were not unreasonable and were lawful without reference to the validity of the arrest under the 'plain view' doctrine. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067; Root v. Gauper (C. A. 8), 438 F.2d 361 (No. 20,603, February 25, 1971). As a result of the shotgun's being in 'plain view,' the arresting officer had probable cause to believe that the defendant possessed a sawed-off shotgun and that he unlawfully possessed a concealed weapon under state law."

We agree. In Harris v. United States, 390 U.S. 234, 236, 88 S.Ct. 992, 993, 19 L.Ed.2d 1067, the Court holds:

"It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence."

In United States v. Cecil, 8 Cir., 457 F.2d 1178 (1972), we upheld the seizure of a sawed-off shotgun under the plain view rule. We held that the gun was in plain sight and the officer had a right to be at the place where he saw the gun. We have repeatedly upheld and applied the plain view rule. Root v. Gauper, 8 Cir., 438 F.2d 361, 363; Application of Kiser, 8 Cir., 419 F.2d 1134, 1137.

■ In our present case, officer Pottinger was on a public street where he had a right to be when he looked through the open car window of defendant's car and observed the sawed-off shotgun in plain view.

The officer's action in seizing the gun which was in plain view was reasonable under the facts disclosed by the record in this case. The observation of the shotgun constitutes probable cause for the reasonable belief on the part of the officer that the defendant was in possession of a contraband firearm. As pointed out in footnote 1 to Judge Heaney's dissent in Cecil, supra: "Less than 15,000 sawed-off shotguns are registered in the entire United States, most of which are registered to governmental agencies for training purposes or to residents of Western states."

Sawed-off shotguns serve little if any useful or legitimate purpose in the hands of private individuals. Public safety and public interest are served by a seizure of a dangerous gun in an automobile pending investigation of its proper registration. If upon prompt investigation it is found to be lawfully registered, the gun can be returned with little damage or injury to its owner. If the opportunity to seize the gun in an automobile under the circumstances here

disclosed is not exercised, the possibility of confiscating and placing the gun out of circulation is greatly minimized. In the present case, defendant made no claim that the gun was registered. An inquiry made later in the day on which the gun was seized when the registration office was open established that the gun was not registered. Our holding in Cecil, supra, and the other authorities heretofore cited, compel a holding that the seizure of the gun under the plain view rule was reasonable and proper.

■ The determination just made makes it unnecessary to determine whether the gun was seized as an incident to a lawful arrest. The situation, however, with respect to a shotgun shell is different as the shell was discovered as a result of a search made immediately after the arrest.

■ We agree with the defendant that an arrest for a traffic offense absent unusual circumstances does not give an officer a right to search the vehicle as an incident to such arrest. See State v. Meeks, Mo., 467 S.W.2d 65; Annot. 10 A.L.R.3d 314. It is clear from the trial court's opinion that the right to make the search is not based on the traffic violation arrest. The traffic offense, however, would justify the officer in stopping defendant's car.

■ Officer Pottinger, after observing the sawed-off shotgun, promptly arrested defendant for carrying a concealed weapon in violation of Missouri law. Defendant urges that the weapon was not concealed. We need not and hence do not reach the rather close issue of whether there was probable cause to arrest the defendant on the concealed weapon charge. We are satisfied that the trial court rightly determined that probable cause existed for the arrest on the illegal sawed off shotgun charge.

■ The fact that the officer may not have properly named the offense for which the arrest was made does not invalidate an arrest or a search made incident thereto if the officer had probable cause to make an arrest on the illegal

gun charge. Klingler v. United States, 8 Cir., 409 F.2d 299, 305–306. Such arrest provides a legal basis for the contemporaneous search of the car as an incident to the arrest and affords a basis for the search and seizure of the shotgun shell and affords an alternate and additional ground for upholding the seizure of the gun.

█ The motions to suppress the gun and the shell as evidence were properly overruled. Our examination of the record satisfies us that the defendant's conviction is supported by substantial evidence and is not induced by any erroneous view of the law. The defendant has had a fair trial.

The judgment is affirmed.