UNITED STATES of America,
Appellee,

v.

Kenneth Wayne JOHNSON,
Appellant.

UNITED STATES of America,
Appellee,

v.

Derrick DeWayne GOODMAN,
Appellant.

Nos. 74–1488 and 74–1489.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 15, 1974.

Decided Dec. 6, 1974.

Certiorari Denied April 14, 1975.
See 95 S.Ct. 1579.

Philip M. Wilson, McArthur & Lofton, Little Rock, Ark., for appellant.

Fletcher Jackson, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before VOGEL, Senior Circuit Judge, LAY and STEPHENSON, Circuit Judges.

VOGEL, Senior Circuit Judge.

This is a consolidated appeal by Kenneth Wayne Jo'hnson and Derrick DeWayne Goodman from their conviction on charges of possessing unregistered

firearms in violation of 26 U.S.C. § 5861(d). Appellants were tried together before the District Court[1] under the provisions of the Juvenile Delinquency Act, 18 U.S.C. § 5031 et seq.

The undisputed evidence discloses that while on routine patrol during the evening of December 30, 1973, Officers Philip Jones and C. H. Kerr of the Little Rock, Arkansas, Police Department stopped a vehicle for running a stop sign. Three males, including the two appellants, alighted from the vehicle and approached the police car. A fourth passenger, a female, remained in the front seat of the vehicle.

Following identification of the driver (appellant Johnson) and the other passengers, a warrant check was run. The warrant check disclosed that an arrest warrant for assault and battery was outstanding against appellant Johnson. He was placed under arrest and searched by Officer Jones. A number of .410-gauge shotgun shells were found in one of his coat pockets.

Thereafter, Officer Kerr approached appellants' vehicle in order to "inventory" it. Before entering the vehicle to conduct an inventory search, Officer Kerr testified that he shined his flashlight into the interior of the vehicle and saw what appeared to be the butt end of a sawed-off shotgun wedged between the back and seat cushions of the rear seat. Officer Kerr entered the vehicle and retrieved from the rear seat a .12-gauge sawed-off shotgun. At this time Officer Kerr ordered the female passenger from the vehicle. Further search of the vehicle disclosed a .410-gauge sawed-off shotgun in the front seat area. Later investigation determined that nei-

ther shotgun was registered to appellants in the National Firearms Registration and Transfer Records.

The single issue on appeal is whether the District Court erred in denying appellants' motions to suppress the two sawed-off shotguns. Appellants contend that the weapons were obtained following a warrantless search of the vehicle, and subsequently were introduced into evidence, in violation of the United States Constitution, Amendment IV.[2] See Rule 41 of the Federal Rules of Criminal Procedure.

We hold that the District Court properly denied appellants' motions to suppress. Our determination is based upon the application of the "plain view" doctrine to the particular facts of this case.

■■ Generally, the Fourth Amendment requires that a search be conducted under the authority of a valid search warrant or under circumstances which demonstrate the reasonableness of a warrantless search. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L. Ed.2d 685 (1969); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Sibron v. New York, 392 U.S. 40, 59, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). Under the "plain view" doctrine, a plain view observation made by a police officer from a position where the officer is entitled to be is not a "search" within the meaning of the Fourth Amendment. Consequently, the restrictions of the Fourth Amendment are not applicable. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19

---

1. The Honorable J. Smith Henley, United States District Judge, Eastern District of Arkansas, Western Division.

2. The Fourth Amendment provides:
   The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

L.Ed.2d 1067 (1968); Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L. Ed. 231 (1927); United States v. Harflinger, 436 F.2d 928 (8th Cir. 1970), cert. denied, 402 U.S. 973, 91 S.Ct. 1660, 29 L.Ed.2d 137 (1971); Carpenter v. Sigler, 419 F.2d 169, 172 (8th Cir. 1969).

Despite the intent of Officer Kerr to "inventory" the vehicle, his conduct in approaching appellants' vehicle was police conduct reasonably associated with a traffic stop. Therefore, when Officer Kerr was in a position to view the inside of the vehicle, he was situated where he had a right to be. *Cf.* United States v. Story, 463 F.2d 326 (8th Cir. 1972), cert. denied, 409 U.S. 988, 93 S.Ct. 343, 34 L.Ed.2d 254 (1972); United States v. Briddle, 436 F.2d 4 (8th Cir. 1970), cert. denied, 401 U.S. 921, 91 S.Ct. 910, 27 L.Ed.2d 824 (1971); United States v. Holgerson, 424 F.2d 1130 (10th Cir. 1970).

■ Officer Kerr used his flashlight to view the interior of appellants' vehicle. The fact that the contents of the vehicle may not have been visible without the use of artificial illumination does not preclude such observation from application of the "plain view" doctrine. United States v. Wickizer, 465 F.2d 1154, 1157 (8th Cir. 1972) (concurring opinion of Judge Bright); Marshall v. United States, 422 F.2d 185 (5th Cir. 1970).

The view by Officer Kerr of what appeared to be a sawed-off shotgun entitled him to enter the vehicle to seize the weapon. United States v. Story, *supra;* United States v. Berry, 423 F.2d 142 (10th Cir. 1970); Nunez v. United States, 370 F.2d 538 (5th Cir. 1967);

Goodwin v. United States, 121 U.S.App. D.C. 9, 347 F.2d 793 (1965). Finally, the discovery that the object seen was in fact a sawed-off shotgun gave reason to search the vehicle for further weapons.

■■ In summary, we hold valid the seizure of one sawed-off shotgun following a plain view observation. Furthermore, the seizure of the first shotgun justified the warrantless search of the vehicle for other weapons or contraband and the seizure of the second sawed-off shotgun. Consequently, both weapons were properly admitted into evidence.

Affirmed.

LAY, Circuit Judge (concurring).

I concur in the result of the opinion. However, I express substantial doubt that the plain view doctrine should be applicable when the officer is involved in making a search. I would sustain the admissibility of the evidence on the ground that Johnson was under *custodial* arrest and, as such, the officers had probable cause to reasonably search his person, as well as his nearby automobile, for any weapons that he might have. *See* Chambers v. Maroney, 399 U.S. 42, 48, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1969); *cf.* Gustafson v. Florida, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973); United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); Moodyes v. United States, 400 F.2d 360 (8th Cir. 1968), cert. denied, 397 U.S. 998, 90 S.Ct. 1141, 25 L.Ed.2d 407 (1970). At the time of the search Johnson was a known fugitive. The extent of the initial search was limited to weapons, which were found. Under the circumstances, the search was reasonable and should be upheld.