**UNITED STATES of America, Appellee,**

v.

**Jerry WILLIAMS, Appellant.**

**No. 75–1168.**

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1975.

Decided Sept. 4, 1975.

Rehearing Denied Oct. 7, 1975.

Certiorari Denied Jan. 26, 1976. See 96 S.Ct. 884.

Larry W. Glenn, St. Louis, Mo., for appellant.

Wesley D. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before GIBSON, Chief Judge, WEBSTER, Circuit Judge, and DEVITT, District Judge.*

WEBSTER, Circuit Judge.

Jerry Williams was convicted in a jury trial of possession of an unregistered sawed-off shotgun in violation of 26 U.S.C. §§ 5861(d) and 5871. Prior to his trial, the defendant filed a motion to suppress the use at trial of a shotgun seized from the defendant and a statement made by him as the result of an allegedly invalid search and seizure. The sole issue on appeal is whether the District Court[1] erred in overruling defendant's motion to suppress. We affirm.

During October, 1974, two St. Louis police officers were regularly watching and checking an apartment building at the request of the owner of the building made to the officers' commander. On the evening of October 21, 1974, one of the officers had arrested two men for stealing property from the building. The same officer testified that he had on several occasions entered a vacant upstairs apartment in the building as a part of his checking routine. Early in the morning of October 22, 1974, these two officers observed a person entering that apartment without the use of force. The police officers followed him and entered the apartment through a closed or partially closed door.[2] Proceeding cautiously, the officers made their way through the apartment and, upon opening a sliding door to the front bedroom, observed the defendant resting on a bed with his eyes closed and with a sawed-off shotgun cradled in his left arm. The defendant was then arrested for trespassing and for carrying a loaded gun in an unlocked container. After the defendant was given his Miranda[3] rights, he told the officers that the gun was for protection and that he was looking for a place to sleep. Both the gun and the statement were introduced into evidence over the defendant's objection at his trial.

At the suppression hearing the owner of the apartment building testified that in August, 1974, a woman named Dorie Smith had called him about renting an apartment in the building for herself and her boy friend. He agreed to rent a downstairs apartment to her. Ms Smith paid one month's rent, and after the rental period expired in September, no further rent was received. Ms Smith moved during the second month from the downstairs apartment to the upstairs apartment involved in this case. The owner informed Ms Smith by phone that not only was her rent delinquent but she could not move around in the building without his permission and that he was going to sue to remove her from the

* The Honorable Edward J. Devitt, Chief Judge, United States District Court for the District of Minnesota, sitting by designation.

1. Honorable H. Kenneth Wangelin, United States District Court, Eastern District of Missouri.

2. Officer Frederiksen testified that the door was open at a forty-five degree angle; Officer Coleman recalled that the door was closed.

3. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

apartment. The defendant testified that he initially lived with his girl friend, Ms Smith, in the downstairs apartment. He also testified that they moved upstairs without permission, but asserted that the owner's agent for collecting the rent had been informed and had approved the move. The defendant claimed that he had been in the apartment since 10:30 p. m. of the previous evening, that he was not holding a shotgun when the officers awakened him, that he was never given his *Miranda* rights, and that he never consented to a search or entry of the apartment.

■ On appeal the defendant contends that the warrantless search of the apartment which resulted in the seizure of the sawed-off shotgun invaded his Fourth Amendment rights, which are made applicable to state action by *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). The defendant was convicted of the offense of unlawful possession,[4] and we therefore assume that he had standing to challenge the seizure of the gun from his person.[5] *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).[6]

■ The gun was in plain view of the officers and the seizure was therefore not unreasonable if (1) the officers had made a lawful entry into the apartment, (2) the discovery was inadvertent, and (3) the incriminating nature of the gun was "immediately apparent". *Coolidge v. New Hampshire,* 403 U.S. 443, 464–73, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). *See also Harris v. United States,* 390 U.S. 234, 236, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968). Examination of these three requirements in this case shows that the gun was properly seized.[7]

■ First, there was substantial evidence from which the trier of fact could find that the police officers had been requested by the owner to keep the apartment building under surveillance and to investigate any suspicious activity within the apartment. One of the police officers knew the apartment in question to be vacant, and we hold that the consent to investigate, as disclosed by this record, reasonably extended to checking on vacant apartments.[8] We recognize that a landlord cannot give consent to a warrantless search of leased premises. *Chapman v. United States,* 365 U.S. 610, 81 S.Ct. 776, 5 L.Ed.2d 828 (1961). The defendant and Ms Smith, however, had occupied the apartment without the owner's consent and against his known wishes after the rent payments had become delinquent on the downstairs apartment. The owner had demanded that Ms Smith vacate the upstairs apartment and threatened her with suit for unlawful possession. The record does not show whether the owner even knew of Williams' co-occupancy, but his status as a tenant was no more legitimate than that of Ms Smith in any event. The evidence supports the conclusion that defendant wrongfully gained entrance to the apartment and thus had no standing to object to the search impliedly authorized by the landlord. *Jones v. United States, supra,* 362 U.S. at 267, 80 S.Ct. 725. *See Holloway v. Wolff,* 482 F.2d 110, 112–13 (8th Cir. 1973).

Second, there was sufficient testimony for the District Court to conclude that

---

4. 26 U.S.C. § 5861(d).

5. At the hearing, Williams denied having possession of the gun. We do not think he thereby waived his constitutional right to be free from unreasonable searches and seizures.

6. The government urges that "automatic" standing in a "possession" case may no longer be inferred from *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), in light of *Brown v. United States,* 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973). That express issue was reserved in *Brown,* 411 U.S. at 228, 93 S.Ct. at 1569, and, in view of our holding, we need not decide it here.

7. The District Court made no findings in overruling the motion to suppress. It heard the witnesses and obviously resolved the credibility issues in favor of the government. We review the evidence in the same light.

8. In *State v. Dias,* 52 Haw. 100, 470 P.2d 510 (1970), relied upon by appellant, the contraband was concealed in a passageway, located on private property, which the court held was not open to unlimited government intrusion and where the defendant had a reasonable expectation of privacy.

the discovery of the gun was inadvertent. The police officers were suspicious of the defendant's entry into the apartment, but were not aware of his possession of the gun until they entered the front bedroom.

Third, since the evidence that was seized was contraband, the incriminating nature of the sawed-off shotgun was immediately apparent. *See United States v. Johnson,* 506 F.2d 674, 676 (8th Cir. 1974), *cert. denied,* 421 U.S. 917, 95 S.Ct. 1579, 43 L.Ed.2d 784 (1975); *United States v. Story,* 463 F.2d 326, 327–28 (8th Cir.), *cert. denied,* 409 U.S. 988, 93 S.Ct. 343, 34 L.Ed.2d 254 (1972).

Thus, in summary, we have nothing more than the seizure of a contraband object in plain view discovered inadvertently by officers making a lawful consensual search in an apartment in which the defendant had no legitimate expectation of privacy.[9] The motion to suppress was properly overruled.

The judgment of conviction is affirmed.

---

**9.** *Cf. Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).