**UNITED STATES of America, Appellee,**

v.

**Kurt Richard GARLID, Appellant.**

**No. 80-1382.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1980.

Decided Sept. 19, 1980.

Daniel M. Scott, Federal Public Defender, Minneapolis, Minn., for appellant.

Thomas K. Berg, U. S. Atty., Joseph T. Walbran, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

* Donald J. Porter, United States District Judge, District of South Dakota, sitting by designation.

Before LAY, Chief Judge, HEANEY, Circuit Judge, and PORTER,* District Judge.

PER CURIAM.

Kurt R. Garlid appeals from his conviction for receiving a firearm shipped in interstate commerce after having been previously convicted of a felony in violation of 18 U.S.C. §§ 922(h) and 924(a). The sole issue on appeal is whether Garlid's fourth amendment rights were violated when the firearm was seized. We affirm the judgment of conviction.

On the evening of June 26, 1979, Pine County Deputy Sheriff Rodney N. Ripley was on patrol on Highway 23 between Duluth and Sandstone, Minnesota. A truck passed him traveling in the opposite direction, and Ripley noticed in his rear view mirror that the truck had no tail lights or clearance lights, in violation of Minnesota statutes. Ripley turned his car around and stopped the truck. The driver of the truck got out and spoke to Ripley about the lights. Ripley then realized that the truck matched the description given in a Pine County Sheriff's bulletin of a flatbed Ryder rental truck being used to transport stolen railroad ties. The bulletin stated that the occupants of the truck had a Thompson submachine gun.

Ripley made a radio call for assistance, and Minnesota State Trooper Dennis Janssen responded. He had also read the bulletin. When he arrived he saw Ripley and the driver were still to the rear of the truck. The defendant was in the cab, seated on the passenger's side, and a female passenger was sitting in the middle of the seat. As Janssen approached the cab of the truck on the driver's side, he shone his flashlight through the open doorway. He saw the stock of a weapon behind the driver's seat and an ammunition clip. Janssen seized the weapon and the ammunition clip

and the defendant and the female passenger were arrested.

■ We agree with the district court that the initial stop was proper since Ripley had observed commission of a traffic offense. *See, e. g., United States v. Webb*, 533 F.2d 391 (8th Cir. 1976); *United States v. Geelan*, 509 F.2d 737, 743–44 (8th Cir. 1974), *cert. denied*, 421 U.S. 999, 95 S.Ct. 2395, 44 L.Ed.2d 666 (1975). Furthermore, the stop was justified on the basis of information that another crime was in progress. *See United States v. Powless*, 546 F.2d 792, 794–95 (8th Cir.), *cert. denied*, 430 U.S. 910, 97 S.Ct. 1185, 51 L.Ed.2d 588 (1977). The weapon was then in plain view of the state trooper, and was properly seized. *Harris v. United States*, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); *United States v. Webb*, 533 F.2d at 393–94; *United States v. Story*, 463 F.2d 326 (8th Cir.), *cert. denied*, 409 U.S. 988, 93 S.Ct. 343, 34 L.Ed.2d 254 (1972).

The conviction is affirmed.