UNITED STATES of America,
Plaintiff-Appellee,

v.

Richard TABOR, Defendant-Appellant.

No. 82–1967.

United States Court of Appeals,
Tenth Circuit.

Nov. 14, 1983.

Jim Jones, Sallisaw, Okl., for defendant-appellant.

Gary L. Richardson, U.S. Atty., and Edward M. Kimmel, Asst. U.S. Atty., Muskogee, Okl., for plaintiff-appellee.

Before BARRETT and LOGAN, Circuit Judges, and KERR, District Judge *.

* United States District Court for the District of    Wyoming, sitting by designation.

KERR, District Judge.

This case arises as an appeal of defendant-appellant's conviction of possession of a controlled substance with intent to distribute. The case was submitted on briefs.

The facts for the most part are not in dispute. Appellant Tabor was under investigation on suspicion of running a bookmaking operation without filing the necessary tax forms. Pursuant to that investigation a search warrant was obtained upon the affidavit of special agent Elledge involved in the investigation. Much of the information in the affidavit came from a confidential informant. The warrant covered only appellant's residence and named as the subject of the search "wagering paraphernalia consisting of books and records, money, bet slips, line sheets, schedules, settlement sheets, lists of bettors and telephones...". The search warrant was dated January 22, 1982 and was executed by special agent Elledge together with five or six other agents on the following day. Two agents served the warrant on appellant who was then subject to a pat-down. The pat-down resulted in appellant being asked to empty his pockets which revealed a pocket knife and a large amount of currency. Appellant then told the agents that there were no other weapons or people in the residence; however, four additional guns were found in a search of the residence.

Three agents then began a security search of the area and buildings surrounding the house. According to the agents, the sweep search was not a search for additional evidence but merely for safety reasons should any other armed or dangerous persons be present. Nearing a barn, the agents heard a noise inside which prompted them to have one agent check the loft area. In the loft area the agent claimed to see a cat and subsequently discovered a large quantity of marijuana (150 pounds). Testimony indicated that the marijuana was discovered, removed from the loft, and loaded into a truck within one and one-half hours from the arrival of the agents.

Meanwhile at the house, search pursuant to the warrant was taking place and appellant was interviewed. While appellant was not actually arrested, there is some indication that he was not as free as the agents represent. The residential search uncovered those items listed in the search warrant together with small amounts of marijuana. The search and interviewing lasted approximately four hours.

At a hearing on a motion to suppress, Judge Frank Seay suppressed eleven items but allowed the marijuana seized to be used as evidence at the trial. The trial court found that while the barn was a protected area covered by the Fourth Amendment and not an area covered by the warrant, exigent circumstances allowed entry and seizure of contraband in plain view. The court also found that the pat-down search was proper; that there was a legitimate basis for seizure of items not listed on the warrant; and that the scope and intensity of the search was reasonable.

On appeal, appellant contends that the evidence upon which he was convicted was obtained illegally through a warrantless search and seizure. Though conceding that the warrant was lawful, appellant contends that the warrant was wrongfully executed and the exploratory general nature of the search made it invalid. Appellant "does not challenge the right to conduct a reasonable search of his house under the warrant, but objects instead to the unauthorized search of his person, the premises beyond the described residence, and the continuation of the search of the residence after the items designated had been found, together with the unreasonable nature, scope and intensity of the search...".

It appears to this Court that appellant's only challenge to illegally obtained evidence which was prejudicial in his conviction involves the marijuana seized by the agents. Since the marijuana is the only evidence in question, we need only be concerned with the validity of the search and the seizure which produced that evidence.

The lower court found that the "barns were sufficiently close to the house to come within the curtilage and receive

Fourth Amendment protection." This Court can find no disagreement with that finding. Further, there is no doubt that the barn in which the marijuana was found was not covered by the search warrant and no other warrant was obtained. The law is well established that searches and seizures without warrants are unlawful, violative of the Fourth Amendment. *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). However, there are also a few specific exceptions to that rule. Exceptional situations or exigent circumstances may justify a warrantless search with the burden on the prosecution to show the existence of such circumstances. *Vale v. Louisiana,* 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970). Several specific examples of exigent circumstances have been spelled out by the courts. See for example: *Warden v. Hayden,* 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967), (hot pursuit); *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), (seizure to prevent destruction); *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), (consent); *McDonald v. United States,* 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153 (1948), (emergency). That an officer's life or the lives of those around him might be in danger has been recognized by the United States Supreme Court as an exigent circumstance allowing a pat-down search for weapons of a person reasonably believed to pose such a danger. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). A sweep search or security search *may* be justified for similar reasons. *United States v. Gardner,* 627 F.2d 906 (9th Cir.1980). However, the suspicion of danger must be clear and reasonable in light of all surrounding circumstances. Officers of the law are not given free reign to conduct sweep searches on the pretense that a dangerous situation might be imminent.

In this case, the special agents determined that security search was proper based on the following factors: (1) the confidential informant had allegedly provided information which led the agents to believe appellant was frequently in possession of a 357 Magnum revolver. A box of 357 Magnum ammunition was found on the premises lending support to this allegation, but no weapon of that type was found; (2) vehicles were present in the area which were not identified as belonging to appellant; (3) appellant's dog was behaving in an agitated manner; and, (4) appellant had lied about the existence of other weapons on the premises and had at the same time told the agents that no other persons were on the premises.

These factors together with the experience and training of the agents (*Terry v. Ohio,* supra), form a reasonable basis for the agents to make a *cursory* search of the area. A more detailed search would not have been justified save for the noise the agents heard coming from the barn. Regardless of what actually caused the noise, it, together with the agent's suspicion that another person possibly armed and dangerous was on the premises, provided the exigent circumstances which justified entry into the barn.

Once validly inside the barn, the plain view doctrine can be applied. "Where the initial intrusion that brings the police within plain view of such an article is supported, not by a warrant, but by one of the recognized exceptions to the warrant requirement, the seizure is also legitimate." *Coolidge v. New Hampshire,* 403 U.S. 443, 465, 91 S.Ct. 2022, 2037, 29 L.Ed.2d 564 (1971). There is no evidence that the agent entering the loft area did any more than look around before discovering the bags full of marijuana. From the suppression proceedings:

Q. What did you see when you got to the top of the barn?

A. Well, as I got up in the barn, I got on my hands and knees and there was a large, white cat (sic) run and jumped out of the back of the open loft going to the east side. So, I raised up, I was going to tell Special Agent Turner and Jefferson it was okay, it was just a cat, and when I turned around, here was all these brown plastic bags stacked on the side of the barn. One of them had been torn open

and there was some green, leafy substance hanging out of it. To me it looked like marijuana...

With the marijuana in plain view and justified entry to the area where plain view was possible, the seizure of the marijuana and its use as evidence against appellant was lawful and proper.

■ As for the marijuana found in the house, it was discovered in a dresser drawer. It was not unreasonable for the agents to search a dresser drawer pursuant to the warrant. Any of the smaller items actually named in the warrant could be concealed in a drawer. The fact that the marijuana was not named in the warrant does not prevent its legitimate seizure. Contraband may be seized without a warrant. *United States v. Berry,* 423 F.2d 142 (10th Cir.1970); *United States v. DePugh,* 452 F.2d 915 (10th Cir. 1971). The marijuana, legitimately seized from both the barn and the house, was properly admitted as evidence during appellant's trial. Ultimately crucial for the conviction, there was no error which would serve to suppress the marijuana as evidence.

The pat-down, the length of the search and appellant's detainment together with its scope and intensity, while perhaps not entirely justified, have not been shown to have prejudiced appellant at trial, nor have those elements been shown to have tainted the entry into the barn under exigent circumstances. Therefore, they have no bearing on this appeal in its proper scope.

The determination made by the lower court, refusing to suppress the marijuana as evidence at appellant's trial, and the subsequent conviction therefrom are hereby

AFFIRMED.