977 F.2d 595
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Marcello R. GUTIERREZ, Petitioner-Appellant,
v.
Dan MORIARTY, Respondent-Appellee.
 No. 91-2249.
 United States Court of Appeals, Tenth Circuit.
 Sept. 30, 1992.
 
 Before LOGAN, EBEL and PAUL KELLY, Jr., Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Marcello Gutierrez appeals the district court's dismissal of his Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. The district court dismissed the petition upon finding that petitioner's trial counsel was not ineffective and that the evidence was sufficient to support an Alford plea.[1] We agree that petitioner failed to show a constitutional violation and therefore affirm.
 
 
 3
 In December 1985, petitioner was charged with five counts of violating New Mexico law, including: (1) trafficking (by possession with intent to distribute) of a controlled substance; (2) tampering with evidence; (3) possession of drug paraphernalia; (4) resisting, evading or obstructing an officer; and (5) battery upon a peace officer.
 
 
 4
 The charges stemmed from the following incident. Petitioner was seated in a vehicle when an undercover officer approached him to purchase heroin. Petitioner refused initially because he did not know the potential purchaser, but then stated that he had heroin with him and offered to sell it. Upon identifying himself as a police officer and advising petitioner that he was under arrest, the officer saw petitioner swallow a cellophane package sealed with wax. Petitioner was taken into custody and a search warrant obtained. He was given an emetic, causing him to vomit. Samples of petitioner's blood, urine, and vomit were seized and tested for the presence of heroin.
 
 
 5
 A New Mexico assistant public defender was appointed to represent petitioner. Because petitioner had a prior conviction for trafficking, he faced a potential sentence of twenty-three years if convicted on all five counts. His attorney, therefore, began plea negotiations with the state. Petitioner apparently wavered between wanting to go to trial and wanting to enter into a plea agreement. Eventually petitioner entered an Alford plea, agreeing that the state could prove the trafficking and resisting arrest charges in return for a sentence limited to three years' imprisonment. Petitioner acknowledged on the record that he was entering into the agreement voluntarily.
 
 
 6
 Two weeks later petitioner filed a motion to withdraw the plea on the ground that he had been coerced into accepting it because his attorney had not prepared his case for trial. The state court held an evidentiary hearing on petitioner's motion. Petitioner testified that he only met with his attorney four times; that she negotiated a plea without his authority which he rejected in court; that he wanted her to litigate the legality of the search and seizure of his stomach contents; that he had requested that she be dismissed for failure to contact his witnesses or obtain an independent laboratory analysis of the evidence; that he entered into the plea because his trial was scheduled to begin the next day and his attorney had not prepared a defense; and that his main reason for withdrawing the plea was that he was not guilty and felt that he could win his case. Motions Hrg., Sept. 4, 1986, Tape I. The court found no basis for withdrawing the Alford plea, denied petitioner's motion and sentenced petitioner to nine years' imprisonment with six years suspended.
 
 
 7
 Petitioner's federal habeas corpus petition challenged the state court's denial of his motion and asserted that the evidence was insufficient to support his plea. The case was referred to a magistrate judge who found that petitioner had exhausted his state court remedies; that an evidentiary hearing was not needed; that the record did not support petitioner's claim of ineffective assistance; and that the evidence supported his plea. These recommendations were adopted by the district court.
 
 
 8
 On appeal, petitioner presents three issues: (1) whether his acceptance of the plea agreement was involuntary based on his attorney's ineffectiveness; (2) whether the evidence was insufficient to support his plea; and (3) whether he should have been granted an evidentiary hearing in the district court. Each of these issues will be addressed separately.
 
 
 9
 When a defendant enters a guilty plea upon counsel's advice, the voluntariness of the plea depends on whether the advice was " 'within the range of competence demanded of attorneys in criminal cases.' " Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). In addition, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.
 
 
 10
 Here, petitioner argues that his attorney's advice was deficient because she failed to seek suppression of his stomach contents, did not interview certain witnesses, and neglected to obtain an independent analysis of the samples taken from petitioner. The district court found that petitioner failed to satisfy both prongs of the Hill test for each of these claims. We review this determination de novo. United States v. Owens, 882 F.2d 1493, 1501-02 n. 16 (10th Cir.1989).
 
 
 11
 Petitioner first claims that his attorney should have sought suppression of his stomach contents because seizure of such evidence exceeded the scope of the warrant. We conclude that counsel's failure to move for suppression was not unreasonable because the seizure of petitioner's stomach contents was expressly authorized by the search warrant.
 
 
 12
 The warrant described the place to be searched as "the person of Marcello Gutierrez." I R. at Doc. 26, Ex. B. The property to be seized was described as "heroin and other unknown controlled substances in unknown quantities." Id. Forcing petitioner to vomit in order to retrieve the heroin did not take the seizure outside the scope of the warrant.
 
 
 13
 The warrant also authorized seizure of "any scientific data which indicates the presence of heroin ... as shown by blood tests, urinalysis, or by removal of the contents from Marcello Gutierrez's intestinal tract." Id. Search warrants and their supporting affidavits "should not be interpreted hypertechnically," but rather, in a "common sense and realistic manner." United States v. Berry, 423 F.2d 142, 144 (10th Cir.1970). Construing this warrant in a common sense manner, petitioner's vomit fell within the above description, and it was not professionally unreasonable to refrain from attacking the seizure.
 
 
 14
 Petitioner has not demonstrated that he was prejudiced. Because a challenge to the search and seizure would not have resulted in suppression of the evidence, petitioner's risk of conviction would have remained the same even if his attorney had raised the issue. Petitioner, therefore, cannot show that his counsel's alleged error affected the outcome of the plea process. See Hill, 474 U.S. at 59.
 
 
 15
 Petitioner's arguments regarding the public defender's failure to interview witnesses or obtain an independent laboratory test are similarly unavailing. Petitioner has not demonstrated that he was prejudiced by his attorney's inaction. As explained in Hill:
 
 
 16
 [W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.
 
 
 17
 474 U.S. at 59.
 
 
 18
 Here, petitioner failed to present any competent evidence as to the substance of his witness' potentially exculpatory testimony. Even accepting petitioner's unsworn description of that testimony, investigation of this witness would not have affected the outcome of the trial. Because the witness observed the events from a tavern across the street, he could not have refuted Officer Gonzalez' testimony that petitioner acknowledged possession of heroin and agreed to a sale. His testimony also would not have contradicted the officer's statement that he saw petitioner swallow a cellophane package sealed with wax. There is no evidence that petitioner's attorney would have changed her advice had she interviewed this witness.
 
 
 19
 Moreover, petitioner has presented no evidence to show that an independent laboratory test would have yielded exculpatory results, nor has he demonstrated that an interview with the undercover police officer would have revealed any new information. Thus, he has not shown that further investigation would have changed the outcome of the trial or his attorney's recommendation.
 
 
 20
 Petitioner's Alford plea was entered based on an assessment of the risk that he could serve more than twenty years in prison if convicted as opposed to a guarantee of a three-year maximum sentence if he pled. There is no evidence that, had his counsel done everything he claims she should have done, this assessment would have changed in any material respect. Rather, the record shows a voluntary choice by petitioner to minimize his risk of an extended period of confinement.
 
 
 21
 Petitioner next contends that the district court erred in failing to grant him an evidentiary hearing on his ineffective assistance of counsel claim, citing Townsend v. Sain, 372 U.S. 293, 312 (1963) (federal habeas court must hold an evidentiary hearing on disputed facts if the applicant "did not receive a full and fair evidentiary hearing in a state court"). Here, petitioner received a hearing on the very issues now underlying his petition without any limitation on his ability to present evidence. The district court, therefore, did not abuse its discretion in holding that the petition could be resolved from the record. See Kennedy v. Shillinger, Nos. 91-8013, 91-8020, 1992 WL 174428, at * 2 (10th Cir. Jul. 28, 1992).
 
 
 22
 Petitioner appears to argue, however, that a second evidentiary hearing was necessary because the facts underlying his claims were not developed fully in the first proceeding. The Supreme Court recently decided this very issue in Keeney v. Tamayo-Reyes, 112 S.Ct. 1715, 1717-18 (1992), holding that Townsend does not require a second evidentiary hearing when a petitioner fails adequately to develop material facts in a prior state court hearing, absent a showing of cause and prejudice. No such showing has been made in this case.
 
 
 23
 Finally, petitioner argues that his right to due process was violated because there was insufficient evidence to support his plea. Because the undercover officer's affidavit demonstrates a factual basis for the plea, the district court's determination is supported by the record.
 
 
 24
 Petitioner's application for a certificate of probable cause is hereby GRANTED, and the judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 In North Carolina v. Alford, 400 U.S. 25 (1970), the Court approved the acceptance of a guilty plea from one who believed himself innocent when the plea was made voluntarily, knowingly, and intelligently, and was supported by a strong factual basis